UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GUERRERO,<br><br>            Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>            Defendant. | Case No. ED CV 08-1414-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## INTRODUCTION

Plaintiff Mark Guerrero brings this action seeking reversal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for supplemental security income. He claims that the Administrative Law Judge ("ALJ") erred when he: 1) failed to properly consider the treating psychiatrist's opinion, 2) failed to properly consider a consulting psychiatrist's opinion, 3) rejected Plaintiff's testimony, 4) failed to include all of Plaintiff's impairments in the hypothetical question to the vocational expert, and 5) concluded that Plaintiff could perform his former job as a parking lot attendant. (Complaint at 3.) For the reasons set forth below,

the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings consistent with this opinion.

## II.

### SUMMARY OF FACTS AND PROCEEDINGS

Plaintiff was born on September 26, 1965, and was 41 years old at the time of the first administrative hearing. (Administrative Record ("AR") 245.) He completed the eleventh grade and, thereafter, a trade school for welders. (AR 246-47.) Plaintiff held numerous jobs between 1990 and 2000. (AR 114.) From 1998 to 2000, he worked as a driver at a parking lot owned by an automobile auction company. (AR 121.) Plaintiff was fired from that job when he ran over another employee's foot and she sued the company. (AR 121, 178, 222, 249.) He did not work after 2000. (AR 114.)

Between June and September 2002, Plaintiff was treated for depression, fatigue, and an inability to concentrate at a San Bernardino County mental health clinic. (AR 163-75.) Plaintiff received counseling and medication during this period. (AR 163-75.) In September 2002, he stopped appearing for his appointments and was dropped from treatment. (AR 162.) There are no other mental health treatment records in the file.

In March 2005, Plaintiff filed an application for supplemental security income, alleging disability since October 1, 2000, due to attention deficit disorder and chronic fatigue syndrome. (AR 105, 108.) The onset date was later amended to March 2005. (AR 247-48.)

Plaintiff's application was denied by the Agency initially and on reconsideration. Plaintiff then requested and was granted a hearing before an ALJ. On July 31, 2007, the ALJ held a hearing in which Plaintiff appeared with counsel and testified. (AR 238-55.) The

hearing was then continued so that Plaintiff could undergo a second psychiatric examination. (AR 254-55.) Following that examination, the ALJ held a second hearing, at which Plaintiff again appeared with counsel and testified. (AR 256-79.)

On January 25, 2008, the ALJ issued a decision denying Plaintiff's claim at step two of the Agency's five-step sequential evaluation process, concluding that Plaintiff's impairments (attention deficit hyperactive disorder and a depressive disorder) were not severe. (AR 11-16.) Plaintiff appealed to the Appeals Council, which denied his request for review. (AR 3-6.) He then commenced this action.

## III.

## DISCUSSION

Plaintiff claims that the ALJ erred in failing to properly consider the opinions of his treating psychiatrist and a consulting psychiatrist. (Joint Stip. at 3-5, 7-8.) He also complains that the ALJ failed to set forth any reason for rejecting his testimony. (AR 11-12.) For the reasons explained below, the Court agrees.[1]

A. <u>The Treating Physician's Opinion</u>

Plaintiff contends that the ALJ failed to properly consider the treating psychiatrist's opinion. The Agency disagrees. It argues that the ALJ did all that he was required to do with regard to the treating psychiatrist's opinion. For the following reasons, the Court

---

[1] Plaintiff also contends that the ALJ failed to include all of his limitations in the hypothetical question to the vocational expert and erred in concluding that Plaintiff was capable of performing his past job as a parking lot attendant. However, because the ALJ concluded at step two that Plaintiff did not have a severe impairment, he was not required to reach these other issues. For that reason, the Court will not address them at this time.

sides with Plaintiff and concludes that the ALJ erred in addressing the treating psychiatrist's opinion.

In general, the opinion of a treating doctor is given deference over the opinions of non-treating doctors in social security cases. *Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir. 2007); *see also Aukland v. Massanari*, 257 F.3d 1033, 1037 (9th Cir. 2001). A treating doctor's opinion as to the nature and severity of an impairment must be given controlling weight if the opinion is well-supported and not inconsistent with other substantial evidence. *See* Social Security Ruling ("SSR") 96-2p; *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). An ALJ can only discount a treating doctor's opinion for specific and legitimate reasons, supported by substantial evidence in the record. *Orn*, 495 F.3d at 631 (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996)). In determining what weight to afford a treating doctor's opinion, an ALJ must consider all of the evidence in the doctor's records, both the evidence that supports the ALJ's conclusion and the evidence that undermines it. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (noting it is impermissible for ALJ to develop evidentiary basis by "not fully accounting for the context of materials or all parts of the testimony and reports"). Further, even where a treating physician's opinion is not to be given controlling weight because it is not "well-supported" or because it is inconsistent with other evidence in the record, an ALJ must still consider various factors--including the length, nature, and extent of the treatment relationship; the amount of relevant evidence that supports the opinion; the consistency of the medical opinion with the record as a whole; and the specialty of the physician

providing the opinion--in determining what weight to give it. *Orn*, 495 F.3d at 631 (citing 20 C.F.R. § 404.1527 and SSR 96-2p).

The Court finds that the ALJ erred in two ways with regard to the treating psychiatrist's opinion. First, the ALJ focused on only the evidence that supported the ALJ's conclusion that Plaintiff was not disabled. Second, he failed to explain the basis for rejecting the opinion.

Plaintiff was treated at a county outpatient clinic in San Bernardino for three months in 2002. (AR 162-75.) His treating psychiatrist diagnosed him with, among other things, dysthymic disorder, and major depressive disorder. (AR 165.) Plaintiff received counseling and medication to treat his condition. (AR 163-69, 174.) In his decision, the ALJ summarized some of the findings from the treating psychiatrist's records, but focused only on the findings that supported his ultimate conclusion that Plaintiff was not disabled. He ignored other information that suggested that Plaintiff was impaired. For example, the ALJ noted that the psychiatrist had observed that Plaintiff was appropriately dressed, happy, and cooperative. (AR 13.) The ALJ also pointed out that the psychiatrist had found that Plaintiff's speech was relevant and his insight and function were fair. (AR 13.) The ALJ failed to mention, however, that the psychiatrist determined that Plaintiff's Global Assessment of Functioning ("GAF") was 55, (AR 13, 165), which suggested that Plaintiff would have had difficulty maintaining a job at that time. *See Diagnostic and Statistical Manual of Mental Disorders-IV-TR* at 34 (describing a person with a GAF between 51 and 60 as someone with moderate symptoms or moderate difficulty in social, occupational, or

school functioning).[2] And the ALJ left out the fact that the psychiatrist had diagnosed Plaintiff with major depressive disorder and dysthymia and had prescribed medication to treat it.[3] (AR 173.) The ALJ's failure to identify and address these findings, which undercut his conclusion that Plaintiff was not disabled, was error. On remand, he should address all of the treating psychiatrist's findings and his conclusion that Plaintiff was depressed.

The ALJ also erred when he failed to explain why he rejected the treating psychiatrist's opinion, an opinion that, all things being equal, should have been given deference in this case. *See* SSR 96-2p. The ALJ merely summarized the psychiatrist's findings and never discussed them again. (AR 13.) The Court, and Agency counsel who is left to defend the ALJ's decision, are left to wonder what the ALJ's basis was for rejecting the treating psychiatrist's opinion. Was it because the treatment was in 2002 and Plaintiff's onset date was 2005? That is one explanation posited by counsel in the Joint Stipulation.

---

[2] Though GAF scores are not controlling, and the Court would generally not find that an ALJ's failure to discuss a GAF score alone would warrant remand, the Court does find fault with the ALJ's failure to discuss the treating psychiatrist's score here. The ALJ set forth the other GAF scores in the record--higher scores of 61 and 75 from a non-treating psychiatrist--and explained how those scores supported his conclusion that Plaintiff was not disabled. (AR 14 (noting Plaintiff was assessed "a GAF of 75 indicating that if symptoms were present, they were transient and produced no more than a slight impairment in social, occupational, or school functioning.").) Where, as here, an ALJ elects to rely on GAF scores to reach his conclusion, he has to consider all the scores, not just the ones that support his conclusion. The ALJ's failure to discuss the lower score in light of his reliance on the higher scores was error.

[3] According to the medical expert, this entry evidences the treating doctor's opinion that Plaintiff's condition fell somewhere between major depressive disorder and dysthymia. (AR 273.)

(Joint Stip. at 5, n. 1.)  Or maybe it was because the records did not establish that the condition lasted more than twelve months.  Another explanation offered by counsel.  (Joint Stip. at 6.)  Or maybe it was because Plaintiff's psychiatric problems stemmed from his use of methamphetamine.  A third plausible reason raised by Plaintiff's counsel.  (Joint Stip. at 6.)  The problem with all of counsel's reasons is that they are not relevant here.  The Court can only affirm the ALJ's decision for the reasons he stated in his decision.  *See, e.g., Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (holding ALJ's decision cannot be affirmed on a ground that the ALJ did not rely on in his decision).  Because the ALJ failed to provide any reason for rejecting the treating psychiatrist's opinion, the decision is reversed.

B.   <u>The ALJ's Consideration of the State Agency Psychiatrist's Opinion</u>

In his next claim for relief, Plaintiff argues that the ALJ erred when he failed to consider the opinion of the State Agency psychiatrist who reviewed Plaintiff's file in July 2005 and determined that Plaintiff was moderately impaired.  (Joint Stip. at 7-8, 10-11.)  The Agency counters that the ALJ impliedly addressed this opinion when he summarized the procedural history and noted that the Agency had found that Plaintiff was not disabled at the initial and reconsideration stages.  For the following reasons, the Court finds that the ALJ erred here.

ALJ's are required to consider the opinions of non-examining doctors who are employed by the Agency to review the records and offer an opinion regarding a claimant's condition.  20 CFR § 416.927(f)(2)(i) ("[A]dministrative law judges must consider

findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence, except for the ultimate determination about whether you are disabled.").

A reviewing psychiatrist determined that Plaintiff was moderately impaired in various functional areas critical to sustaining employment, including the ability to understand, remember, and carry out instructions and the ability to respond to changes in the work setting. (AR 198-200.) The ALJ did not discuss this opinion, which he was required to do, and, therefore, remand is ordered on this issue as well. The Agency's argument that the ALJ implicitly addressed this opinion when he noted that the state agency medical consultants had determined at the initial and reconsideration levels that Plaintiff could work (AR 14) is rejected. The exhibits the ALJ referred to in support of this finding were, essentially, form letters from the Agency signed by the Regional Commissioner. (AR 19-23, 25-30.) This is a far cry from the ALJ summarizing the consultative doctor's opinion that Plaintiff was impaired and explaining why that opinion was being rejected.

C.   <u>The ALJ's Consideration of Plaintiff's Testimony</u>

Plaintiff contends that the ALJ erred when he failed to set forth any reasons for rejecting his testimony. The Agency argues that, based on the ALJ's discussion of the other evidence, it can be inferred that the ALJ considered and rejected Plaintiff's testimony for the right reasons. (Joint Stip. at 13-14.) The Court rejects this argument.

In the absence of an affirmative finding that a claimant is malingering, the ALJ can reject his testimony only by offering specific, clear and convincing reasons. *See Lingenfelter v. Astrue*,

504 F.3d 1028, 1036 (9th Cir. 2007).  If the ALJ rejects the claimant's allegations as not credible, he must make specific findings which support this conclusion.  *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991).  In doing so, the ALJ must identify what testimony is not credible and what facts in the record lead to that conclusion. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also Lester*, 81 F.3d at 834 ("[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the [plaintiff's] complaints").

The ALJ summarized parts of Plaintiff's testimony but never explained why he was rejecting it, which he implicitly did when he determined that Plaintiff was not disabled.  On remand, the ALJ must set forth which parts of Plaintiff's testimony he is rejecting and why.[4]

D.   The Remaining Issues Raised By Plaintiff Are Not Ripe For Review

Plaintiff contends that the ALJ erred in formulating the hypothetical question to the vocational expert and in ultimately determining that Plaintiff could perform his past work as a parking lot attendant.  But, the ALJ's decision that Plaintiff was not disabled was based on his step-two finding that Plaintiff did not have a severe impairment.  Other findings by the ALJ at steps four and five are not relevant to that finding and, therefore, the Court need not and does not address them at this time.

---

[4] The Court notes that the ALJ failed to address the brother's "testimony."  (AR 124-32.)  On remand, the ALJ should consider this testimony.  *Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (recognizing it is error to fail to address lay testimony).

9

E.  <u>Remand Is Appropriate</u>

Plaintiff asks that the Court not only remand the case but that it order the Agency to pay benefits on remand. The Court is not prepared to do that in this case. Though, as explained above, the Court has noted several mistakes in the ALJ's decision, the Court does not mean to suggest that Plaintiff is entitled to benefits. That is a decision left to the sound discretion of the ALJ in the first instance. Further, it is questionable whether this record supports such a finding. Plaintiff left his last job, a job he had held for 18 months, because he was fired when he ran over another employee's foot. (AR 178.) He did not leave because he was unable to cope with work. In fact, there is practically no objective evidence in this record that would support his claim that he is incapable of working. The only treating records come from his brief treatment at a county mental health clinic three years before the alleged onset of disability. After attending a few therapy sessions, Plaintiff discontinued this treatment and did not seek other treatment. This suggests that his condition is not nearly as severe as he claims that it is. The consultative psychiatrist who examined him in 2005 and 2007, concluded in 2007 that Plaintiff was not impaired in the least (though she also concluded in 2005 that he was mildly to moderately impaired). (AR 181, 226.) Plaintiff's testimony that he is disabled is not enough to establish that he is, assuming his testimony is found to be credible. Thus, there is little evidence to support Plaintiff's claim that he is disabled. For that reason, the Court will not order an award of benefits at this stage.

## IV.

## CONCLUSION

For the foregoing reasons, the Agency's decision is reversed and the case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.

DATED: March 5, 2010.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\GUERRERO\Memo_Opinion.Guerrero.wpd